FILED

JAN 3 0 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| JONATHAN LEE RICHES, | ) Nos. | C 08-0381 MJJ (PR) | C 08-0410 MJJ (PR) |
|---|---|---|---|
| | ) | C 08-0383 MJJ (PR) | C 08-0411 MJJ (PR) |
| | ) | C 08-0384 MJJ (PR) | C 08-0412 MJJ (PR) |
| | ) | C 08-0386 MJJ (PR) | C 08-0413 MJJ (PR) |
| Plaintiff, | ) | C 08-0387 MJJ (PR) | C 08-0414 MJJ (PR) |
| | ) | C 08-0388 MJJ (PR) | C 08-0415 MJJ (PR) |
| | ) | C 08-0389 MJJ (PR) | C 08-0416 MJJ (PR) |
| | ) | C 08-0390 MJJ (PR) | C 08-0417 MJJ (PR) |
| | ) | C 08-0391 MJJ (PR) | C 08-0418 MJJ (PR) |
| | ) | C 08-0392 MJJ (PR) | C 08-0419 MJJ (PR) |
| | ) | C 08-0393 MJJ (PR) | C 08-0420 MJJ (PR) |
| v. | ) | C 08-0394 MJJ (PR) | C 08-0421 MJJ (PR) |
| | ) | C 08-0395 MJJ (PR) | C 08-0422 MJJ (PR) |
| | ) | C 08-0396 MJJ (PR) | C 08-0423 MJJ (PR) |
| | ) | C 08-0397 MJJ (PR) | C 08-0424 MJJ (PR) |
| FLOYD MAYWEATHER, et al., | ) | C 08-0398 MJJ (PR) | C 08-0425 MJJ (PR) |
| | ) | C 08-0399 MJJ (PR) | C 08-0426 MJJ (PR) |
| | ) | C 08-0400 MJJ (PR) | C 08-0427 MJJ (PR) |
| | ) | C 08-0401 MJJ (PR) | C 08-0428 MJJ (PR) |
| Defendants. | ) | C 08-0402 MJJ (PR) | C 08-0429 MJJ (PR) |
| | ) | C 08-0403 MJJ (PR) | C 08-0430 MJJ (PR) |
| | ) | C 08-0404 MJJ (PR) | C 08-0431 MJJ (PR) |
| | ) | C 08-0405 MJJ (PR) | C 08-0432 MJJ (PR) |
| | ) | C 08-0406 MJJ (PR) | C 08-0433 MJJ (PR) |
| | ) | C 08-0407 MJJ (PR) | C 08-0434 MJJ (PR) |
| | ) | C 08-0408 MJJ (PR) | C 08-0435 MJJ (PR) |
| | ) | C 08-0409 MJJ (PR) | C 08-0440 MJJ (PR) |

**ORDER DISMISSING CASES**

Plaintiff, a federal prisoner proceeding pro se, filed the 54 civil actions listed above against a variety of defendants. A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a

G:\PRO-SE\MJJ\CR.08\riches72.dsm.wpd

defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

In an order filed January 2, 2008, the Court dismissed 22 prior cases filed by plaintiff because they were frivolous. The Court further noted:

> Within the past two months, plaintiff has sent to this court approximately 160 different civil complaints setting forth similarly improbable, if not impossible, allegations and frivolous claims against a litany of defendants.[1] Plaintiff has also filed frivolous cases in other federal district courts, prompting one United States District Judge to make the following finding about plaintiff's filings:
>
>> It is not clear whether these outlandish pleadings are products of actual mental illness or simply a hobby akin to short story writing. Whatever their origin, and though they are amusing to the average reader, they do nothing more than clog the machinery of justice, interfering with the court's ability to address the needs of the genuinely aggrieved. It is time for them to stop.
>
> Riches v. Simpson, et al., No. 6:07-cv-1504-Orl-31KRS, slip op. at 1-2 (M.D. Fla. Sept. 24, 2007).

See Riches v. Giambi, No. C 07-6156 MJJ (PR) (N.D. Cal. Jan. 2, 2007). Consequently, the Court restricted plaintiff from filing any civil complaints in this Court without payment of the full statutory filing fee. See id.; see also Riches v. Simpson, slip op. at 2 (requiring plaintiff Jonathan Lee Riches to pay full filing fee at time of filing any future complaint); Riches v. Schiavo, et al., No. 8:07-cv-1730-T-17TBM, slip op. at 2 (M.D.Fla., Sept. 26, 2007) (same).

The complaints in the above-listed cases must be dismissed because they set forth claims and allegations that are clearly irrational, baseless or frivolous, including, inter alia, claims that the editor of "Smart Money" magazine will not give plaintiff cleaning supplies for his toilet (Case No. C 08-0440 MJJ (PR)); that United States Steel Corporation "steals materials from the ground and uses it to build prisons" (Case No. C 08-0403 MJJ (PR)); that director Quentin Tarantino's films "aid and abet" the crimes plaintiff committed (Case No. C 08-0404 MJJ (PR)); and that the Ultimate Fighting Championship television show is sending "subliminal messages" through the televisions at plaintiff's prison (Case No. C 08-0405 MJJ

---

[1] It has since become clear that the number of cases received from plaintiff is closer to 300.

1  (PR)). See 28 U.S.C. §§ 1915A(a), 1915(e)(2); Denton v. Hernandez, 504 U.S. 25, 32
2  (1992). In addition, plaintiff's claims are not cognizable because they are brought under 42
3  U.S.C. § 1983 against defendants who are not state actors. See West v. Atkins, 487 U.S. 42,
4  48 (1988) (holding that a § 1983 claim may only be brought against defendant acting under
5  color of state law); see also 28 U.S.C. §§ 1915A(a),(b) (requiring district court to review
6  prisoner complaints and dismiss any that are frivolous, malicious, fail to state a cognizable
7  claim, or seek monetary relief from defendant immune from such relief). Lastly, plaintiff has
8  not paid the filing fee in connection with these cases, as required by the January 2, 2008
9  order quoted above.

10       Accordingly, the above-listed cases are hereby DISMISSED, and the Clerk shall close
11  the files.

12       IT IS SO ORDERED.
13  DATED: 1/30/2008

MARTIN J. JENKINS
United States District Judge

G:\PRO-SE\MJJ\CR.08\riches72.dsm.wpd                3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JONATHAN LEE RICHES,

    Plaintiff,

v.

FLOYD MAYWEATHER, et al,

    Defendant.
_____/

Case Number:

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 31, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jonathan Lee Riches
F.C.I. Williamsburg
Prisoner Id 40948-018
P.O. Box 340
Salters, SC 29590

Dated: January 31, 2008

Richard W. Wieking, Clerk
By: Monica Tutson, Deputy Clerk